LANE and another vs. WHITE.

Where property was offered for sale by a sheriff under a judgment of foreclosure, and struck off to a person who bid by the direction of the plaintiff's attorney, and who showed the sheriff a note from said attorney, stating that the bid was satisfactory to him, and that he would give a receipt to the sheriff for the amount: *Held*, That although the sheriff might have demanded his fees in advance, yet, not having done so, he had no right to disregard the bid, and proceed to re-sell the property, because such bidder was not prepared at the moment to pay his fees and disbursements.

APPEAL from the Circuit Court for *Fond du Lac* County.

This was an appeal from an order of confirmation of a sheriff's sale of land under a judgment of foreclosure. The objections made to the confirmation, are stated in the opinion of the court.

*R. P. Eaton*, for the appellants, contended that the sheriff was bound by his instructions as to the sale (2 Paige, 99; 3 id., 339; 11 Wend., 329–331); and having been duly informed that the plaintiffs were satisfied with the sale to Loomis, had no right to ignore that sale and re-sell at a sacrifice, before giving the plaintiffs' attorney notice, and time to pay his costs, 9 Paige, 259; 13 Wend., 226.

*E. S. Bragg*, contra.

*By the Court*, PAINE, J. We think the order of confirmation appealed from must be reversed. It appears from the affidavits that the property was struck off to one Loomis, who bid by the directions of the plaintiffs' attorney, and who gave a letter to the sheriff from the attorney, to the effect that this bid was satisfactory to the plaintiffs, and that they would receipt the debt to him thereon. But Loomis not being prepared to pay the amount of the sheriff's fees and

disbursements in cash, the latter disregarded the bid, offered the property again for sale, and sold it for the exact amount of his fees and disbursements, being about one-third of the previous bid. This we think he had no right to do. The sheriff has no power to control the proceedings in executing a judgment, as against the solicitor of the plaintiff, merely for the sake of obtaining the immediate payment of his fees. He may demand his fees in advance, if he chooses, but if he does not do that, but proceeds to sell, and strikes off the property to a person bidding for the benefit of the plaintiff, he has no right, merely because such person is not prepared to pay his fees at the moment, to disregard the sale and sell the property over again. It is obvious that the interests of both the plaintiffs and defendants might be sacrificed, as they were here, by allowing the sheriff to take such a course.

The order must be reversed, with costs.